UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 05-cv-02143-MSK-CBS

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' PENSION TRUST FUND, TRUSTEES OF
THE COLORADO CEMENT MASONS' JOINT APPRENTICESHIP TRUST FUND, and
OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION, LOCAL
UNION #577,

      Plaintiffs,

v.

SOUTHWEST CONCRETE PLACERS, INC., a Colorado Corporation,
ADAM J. NITCHOFF, an individual, and
CARRIE A. NITCHOFF, an individual,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "documents" is defined as provided in Fed.R.Civ.P. 34(a). A draft of non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) current or former employees of Defendant Southwest Concrete Placers, Inc.; (b) Defendants in proprietary and confidential business information; and (c) any party hereto which information is subject to statutory or common law privileges or limitations upon disclosure. See, e.g., C.R.S. 24-72-204(3)(a)(II)(A), (concerning disclosure of personnel records), and C.R.S. 7-74-101, et seq. (concerning trade secrets and confidential business or financial information). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of trial, at trial, or at other proceedings in this case;

(c) the parties, including the designated representatives of the entities;

(d) expert witnesses and consultants retained in connection with the proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses or potential witnesses;

(h) other persons by written agreement of the parties; and

  (i) auditors and plan administrators.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Documents can also be designated as CONFIDENTIAL by a separate letter or correspondence stating by Bates Number, which documents are designated as CONFIDENTIAL.  Documents may be designated as CONFIDENTIAL at any time and inadvertent production of a CONFIDENTIAL document shall not be construed as a waiver of confidentiality.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the

information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, documents and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED.

Dated: May 22, 2006

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Dated this 16th day of May, 2006.
STIPULATED AND AGREED TO:

| s/ Dean C. Heizer | s/ Mary L. Will |
|---|---|
| Dean C. Heizer | Mary L. Will |
| Timothy J. Parsons | Chantell L. Taylor |
| Miranda K. Hawkins | Perkins Coie LLP |
| PARSONS, HEIZER, PAUL LLP | 1899 Wynkoop Street, Suite 700 |
| 2401 15th Street, Suite 300 | Denver, CO 80202 |
| Denver, CO 80202 | (303) 291-2300 |
| (303) 595-4747 | (303) 291-2400 (fax) |
| (303) 595-4750 (fax) | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |