IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02143-MSK-CBS

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' PENSION TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' APPRENTICE TRUST FUND, and
OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION,
LOCAL UNION #577,

    Plaintiffs,

v.

SOUTHWEST CONCRETE PLACERS, INC., a Colorado corporation,
ADAM J. NITCHOFF, an individual, and
CARRIE A. NITCHOFF, an individual,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss **(#13)**. Having considered the motion, the response **(#14)**, and the reply **(#16)**, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

In this action, the Plaintiffs allege that the Defendants have failed to make contributions to the Plaintiff Funds in accordance with a collective bargaining agreement. They assert claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor-

Management Relations Act ("LMRA").

In Claim 1, the Plaintiffs seek to recover fringe benefit contributions, administrative dues, and Labor Management Cooperation Committee fees which the Defendants allegedly failed to pay from January 2001 to May 2005, for work performed by employees characterized as concrete laborers, concrete finishers and cement masons.  They also seek to recover liquidated damages and interest.  Such claim is brought pursuant to Sections 515 and 502(g)(2) of ERISA,[1] as well as Section 301 of the LMRA.[2]

In Claim 2, the Plaintiffs allege that two of the Defendants, Adam and Carrie Nitchoff, made a unilateral extension of credit in violation of Section 406(a)(1)(B) of ERISA.[3]  They seek an injunction to preclude these Defendants from continuing in such prohibited transaction.

In Claim 3, the Plaintiffs allege that Adam and Carrie Nitchoff breached their fiduciary duties under Section 404(a) of ERISA[4] through their failure to make fringe benefit contributions to the Funds.

### III. Issue Presented

The issue presented is whether any claim should be dimissed.

### IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption

---

[1] 29 U.S.C. §§ 1145 and 1132(g)(2)(D).

[2] 29 U.S.C. § 185.

[3] 29 U.S.C. § 1106(a)(1)(B).

[4] 29 U.S.C. § 1104(a).

against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the Plaintiffs. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the Plaintiffs can allege no set of facts in support of their claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

### V. Analysis

In their Motion to Dismiss, the Defendants characterize most of the Plaintiffs' claims as Colorado state law claims for breach of contract, for an audit, or for an injunction. They argue, *inter alia*, that the claims fail to state claims upon which relief may be granted, are barred by the statute of limitations, and are waived. The Plaintiffs respond that their claims are not state law claims, that they have alleged sufficient facts to support such claims, and that the claims are not barred by the statute of limitations.

The characterization of the claims as arising under state law is inaccurate. *See In re Luna*, 406 F.3d 1192, 1203 (10th Cir. 2005). These causes of action arise from federal statutes, rather than from state law. *See id.* Although the claims are similar to breach of contract claims and have elements in common, they are not identical. Thus, to the extent that the Defendants seek dismissal under state law, the motion must be denied.

The single claim that the Defendants characterize as a federal claim is the breach of fiduciary duty claim. They contend that the Plaintiffs have failed to state a claim for a breach of fiduciary duty under ERISA because there are insufficient factual allegations to support the existence of a fiduciary, as defined in 29 U.S.C. § 1002(21). Such statute provides:

> (21)(A) Except as otherwise provided in subparagraph (B), **a**

> **person is a fiduciary with respect to a plan to the extent (i) he** exercises any discretionary authority or discretionary control respecting management of such plan or **exercises any authority or control respecting management or disposition of its assets**, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title. . . . (emphasis added).

The Complaint alleges that "Adam Nitchoff and Carrie Nitchoff exercised discretionary authority and control over the plan assets" and provides examples of such control. Such statements are sufficient for pleading purposes.

It appears that counsel may not have conferred with regard to the nature of the claims and defenses and whether there are any facts in dispute. Although the Local Rules do not require that counsel confer prior to filing a motion to dismiss, the Court encourages such conferences. *See* MSK Civ. Practice Standard V.H.2.b. A conference of this type might well have been beneficial to the parties obviating the need for a Rule 12 motion.

It also appears that the fundamental dispute concerns interpretation of the terms of a collective bargaining agreement or of one or more trust agreements. The parties appear to disagree as to whether the Defendants were obligated to pay benefits for non-union members. If this is the case, and if all of the facts pertinent to such interpretation are stipulated, the parties are invited to file a <u>joint</u> motion for summary adjudication based upon stipulated facts. In such event, the parties should file: (1) a joint motion for summary adjudication which specifies the contractual terms in dispute; (2) stipulated facts; (3) copies of the agreements requiring interpretation; and (4) simultaneous briefs offering each party's proposed interpretation of the agreements.

Simultaneous briefs in response will then be due 15 days thereafter.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss **(#13)** is **DENIED**.

Dated this 8th day of June, 2006

                **BY THE COURT:**

                *Marcia S. Krieger*
                _____

                Marcia S. Krieger
                United States District Judge